IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEIDRE ALLUMS, | ) | CASE NO. 1:12 CV 291 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by plaintiff Deidre Allums seeking judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] The Commissioner has filed an answer[3] and a transcript of the administrative record.[4] Pursuant to the terms of my initial order[5] and procedural order,[6] the

---

[1] ECF # 19. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 7.

[6] ECF # 14.

parties have briefed their positions[7] and filed a supporting fact sheet[8] and charts.[9] The parties have participated in a telephonic oral argument.[10]

For the reasons stated below, I will find that the decision of the Commissioner is not supported by substantial evidence and so will be reversed, with the matter remanded for further proceedings.

## Facts

**A.    Decision of the Administrative Law Judge**

Allums, who was born in 1971,[11] testified that she lives upstairs in a double house she shares with her children and their father.[12] She stated that she had past difficulties with crack cocaine and marijuana and that her current medications cause her to sleep all day.[13] In addition, she claimed that mood swings, depression, and anger issues led her to not go back to previous jobs, which, accordingly, were mostly short-lived.[14]

---

[7] ECF # 17 (Allums's brief); ECF # 22 (Commissioner's brief).

[8] ECF # 13 (Allums's fact sheet).

[9] ECF # 23 (Commissioner's charts); ECF # 17, Attachment (Allums's charts).

[10] ECF # 31.

[11] Transcript ("Tr.") at 16.

[12] *Id.* at 43.

[13] *Id.* at 48-49.

[14] *Id.* at 46-47.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Allums had severe impairments consisting of hypertension; asthma; anemia; gastroesophageal reflux disease; bipolar affective disorder, type II with psychotic features; personality disorder; borderline intellectual functioning, and a history of polysubstance dependence.[15] With the substance abuse, the ALJ found at step three that Allums's impairments met the listings at sections 12.04 and 12.09, thus rendering her disabled.[16]

However, without the substance abuse the ALJ concluded that Allums would not meet or equal a listing, but would have the underlying conditions of bipolar disorder and personality disorder as well as borderline intellectual functioning.[17] The ALJ then made the following finding regarding Allums's residual functional capacity with those impairments:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is to avoid climbing ladders, ropes and scaffolds. In connection with environmental limitations, the claimant is to avoid concentrated exposure to dusts, fumes, gases, and poor ventilation. In consideration of her mental impairments, the claimant is able to understand, remember and carry out short and simple instructions and is limited to routine, repetitive tasks. The claimant can maintain attention and concentration for extended periods on simple tasks. Additionally, she is capable of low stress with occasional decision-making and with occasional changes in the work

---

[15] *Id.* at 15.

[16] *Id.* at 15-17.

[17] *Id.* at 17.

setting. The claimant is limited to superficial contact with the general public; and no more than occasional contact with coworkers and supervisors.[18]

Given that residual functional capacity, the ALJ found Allums incapable of performing her past relevant work as a dispatcher, customer service complaint - clerk, and home health aide if she stopped her substance abuse.[19] Nonetheless, relying on the testimony of a vocational expert (VE), the ALJ determined that if Allums stopped her substance abuse she would be able to successfully adjust to light skilled jobs existing in sufficient numbers in the national economy.[20] Thus, the ALJ concluded that Allums was not disabled and rejected her application for benefits.[21]

**B.      Allums arguments for reversal**

Allums asks for reversal of the Commissioner's decision based on three grounds:

- The ALJ made two findings at Step 3 of the sequential evaluation process, namely that the claimant's impairments, including substance use disorders, met sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR § 416.920(d) and if the claimant stopped substance use, the claimant would not have an impairment or combination of impairments that met or medically equaled any impairment listed above. This finding lacks the support of substantial evidence because the ALJ failed to separate the evidence from before her application of August 18, 2008 from the evidence after that date; The ALJ improperly relied upon the testimony of Dr. Kushalani; failed to give controlling weight to treating psychiatrist Dr. Ramirez. The ALJ

---

[18] *Id.* at 19.

[19] *Id.* at 16.

[20] *Id.* at 17.

[21] *Id.* at 17-18.

    also failed to properly evaluate the opinions of other medical sources according to SSR 06-3p (TR.15 & 17).[22]

- The ALJ determined that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the RFC assessment. This finding lacks support for the reason that the ALJ failed to properly evaluate credibility according to 20 CFR 416.930 & SSR 96-7p. The ALJ also impermissibly used evidence that pre-dated the application to discredit Ms. Allums' credibility during the pendency of the claim. The ALJ lacked substantial evidence because the ALJ failed to properly evaluate the statements of all witnesses according to SSR 06-3 and impermissibly concluded without evidence that the witnesses would benefit financially from the determination of disability as they reside with the claimant.[23]

- The ALJ found at Step 5 that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is to avoid climbing ladders, ropes, and scaffolds. In connection with environmental limitations, the claimant is to avoid concentrated exposure to dusts, fumes, gases, and poor ventilation. In consideration of her mental impairments, the claimant is able to understand, remember, and carry out short and simple instructions and is limited to routine, repetitive tasks. The claimant can maintain attention and concentration for extended periods on simple tasks. Additionally, she is capable of low stress with occasional decision-making and with occasional changes in the work setting. The claimant is limited to superficial contact with the general public; and no more than occasional contact with coworkers and supervisors. This finding lacks the support of substantial evidence because the ALJ failed to give controlling weight to the treating psychiatrist; failed to properly evaluate the opinions of the three other treating sources, failed to properly evaluate the claimant's credibility and failed to base the residual functional capacity upon the record as a whole.[24]

---

[22] ECF # 17 at 3.

[23] *Id.*

[24] ECF # 17 at 4.

## Analysis

**A.     Standards of review**

*1.     Sufficiency of the evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[25]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[26] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[27]

---

[25] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[26] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[27] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

### 2. *Treating physician rule and good reasons requirement*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[28]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[29]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[30] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[31]

---

[28] 20 C.F.R. § 404.1527(d)(2).

[29] *Id.*

[30] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[31] *Id.*

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[32] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[33] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[34] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[35]

In *Wilson v. Commissioner of Social Security*,[36] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[37] The court noted that the regulation expressly contains a "good reasons" requirement.[38] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

---

[32] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[33] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[34] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[35] *Id.* at 535.

[36] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[37] *Id.* at 544.

[38] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[39]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[40] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[41] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[42] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[43]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given

---

[39] *Id.* at 546.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[44] Second, the ALJ must identify for the record evidence supporting that finding."[45] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2).[46]

In a nutshell, the *Wilson* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[47] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[48] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[49] or that objective medical evidence does not support that opinion.[50]

---

[44] *Wilson*, 378 F.3d at 546.

[45] *Id.*

[46] *Id.*

[47] *Rogers*, 486 F.3d at 242.

[48] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[49] *Hensley v. Astrue*, 573 F.3d 263, 266-67 (6th Cir. 2009).

[50] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[51] The Commissioner's *post hoc* arguments on judicial review are immaterial.[52]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[53]

- the rejection or discounting of the weight of a treating source without assigning weight,[54]

---

[51] *Blakley*, 581 F.3d at 407.

[52] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

[53] *Blakley*, 581 F.3d at 407-08.

[54] *Id.* at 408.

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[55]

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[56]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[57] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[58]

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[59] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[60] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[61]

---

[55] *Id.*

[56] *Id.* at 409.

[57] *Hensley*, 573 F.3d at 266-67.

[58] *Friend*, 375 F. App'x at 551-52.

[59] *Blakley*, 581 F.3d 399.

[60] *Id.* at 409-10.

[61] *Id.* at 410.

In *Cole v. Astrue*,[62] the Sixth Circuit recently reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[63]

**B.    Application of standards – The decision that Allums was not disabled absent substance abuse is not supported by substantial evidence.**

The issue here involves two related components: (a) whether the opinion of L.F. Ramirez, M.D. – a psychiatrist who treated Allums at the Murtis Taylor Center – was properly addressed; and (b) whether the ALJ correctly analyzed the other evidence of record from other sources also arising from Allums's treatment at Murtis Taylor.

Essentially, as to the first element, Allums maintains that the ALJ's determination to discount the RFC findings of Dr. Ramirez, a treating source, in favor of the opinion of Ashok Khushalani, M.D., a psychiatrist and the medical expert, was not proper because Dr. Khushalani's opinion was not well-founded in that he did not review the Murtis Taylor records.[64] The Commissioner, in turn, argues that the ALJ properly considered varied opinions about Allums's ability to function if she were not abusing drugs and alcohol, and, after acknowledging and weighing the different opinions, assigned greater weight to those

---

[62] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

[63] *Id.* at 940.

[64] ECF # 17 at 6.

opinions more supported by the evidence as a whole.[65] Moreover, the Commissioner asserts that Dr. Ramirez did not provide any medical or clinical basis for his conclusion.[66]

I note first that the ALJ did explicitly acknowledge Dr. Ramirez as a treating source, and assigned "some" weight to her opinion.[67] Further, the ALJ stated that his reasons for assigning reduced weight to Dr. Ramirez was because the record as a whole does not support her RFC limitations.[68] Thus, because the treating physician rule is followed, at least in form, the issue is whether the good reasons requirement is met.

Here, Allums contends that the RFC opinion of Dr. Ramirez is consistent with the functional limitation opinions of nurses, therapists, and social workers who treated Allums at Murtis Taylor for mental illness,[69] and so is better supported by the record than is the opinion of Dr. Khushalani who "did not review the 101 pages of the Murtis Taylor medical records."[70] Thus, Allums argues, because "Dr. Khushalani's opinion is based on only a partial reading of the medical record – most of which is irrelevant [for pre-dating her claim], his

---

[65] ECF # 22 at 13.

[66] *Id.* at 14.

[67] Tr. at 24. The opinion here appears to contain a draftsman's error in that it references "Dr. Pickholtz," a state examining psychologist, when citing to a portion of the RFC opinion of Dr. Ramirez.

[68] *Id.*

[69] *See*, *id.* at 464-70 (nurses' notes from 2006 at Murtis Taylor); 268-72 (social worker opinions); 310, 314, 316, 328, 330, 334, 369, 370-71, 379-82 (social worker treatment notes).

[70] ECF # 17 at 6.

opinion cannot serve as substantial evidence to support the ALJ's conclusion that Ms. Allums is not disabled."[71]

The Commissioner, for his part, maintains that it was reasonable for the ALJ to give great weight to Dr. Khushalani's opinion, despite the fact that he acknowledged not having seen all the Murtis Taylor records, because "although Dr. Khushalani may not have reviewed the progress notes from Murtis Taylor, the ALJ did."[72] Therefore, "any shortcoming with Dr. Khushalani's testimony was remedied by the ALJ's thorough review of the record."[73]

Unfortunately, despite a fairly lengthy opinion of 16 pages from the ALJ, and notwithstanding the resolution of the arguments related above, the "good reasons" actually articulated in the opinion by the ALJ for discounting the RFC opinion of Dr. Ramirez is little more than a fragmentary declaration that "the record does not support many of the restrictions [listed by Dr. Ramirez]."[74] As the Commissioner candidly acknowledged at the oral argument, such a cursory statement of reasons does not comply with the good reasons requirement as taught by the Sixth Circuit and as detailed earlier. No matter how well done, the reasons in the Commissioner's brief cannot replace the reasons that are absent from the ALJ's opinion.

---

[71] *Id.* at 7; *see also*, ECF # 26 at 2.

[72] ECF # 22 at 16.

[73] *Id.* at 16-17.

[74] Tr. at 24.

Because the Sixth Circuit is clear that a reviewing court should not hesitate to remand a case where there is a deficiency in articulating the reasons for discounting an opinion of a treating source, the present matter must be remanded.

Because of the remand ordered on this issue, it is not necessary to address the remaining issues presented for judicial review. In particular, any change to the RFC occasioned by different treatment of RFC opinions will then necessarily affect how credible Allums is viewed and any final RFC finding.

On remand, the ALJ must reconsider the weight assigned to the opinion of the treating physician, L.F. Ramirez, M.D., and fully and adequately articulate good reasons for the weight assigned.

## Conclusion

For the reasons given above, I find that substantial evidence does not support the finding of the Commissioner that Allums had no disability. Accordingly, the decision of the Commissioner denying Allums supplemental security income is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated:  March 26, 2013  s/ William H. Baughman, Jr.
United States Magistrate Judge